UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO:

KYLE WESTON,

    Plaintiff(s),

    v.

THE WESTURN SLOPE, INC.
d/b/a SERVPRO OF MONTROSE
TELLURIDE,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, KYLE WESTON ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files this Complaint for Damages and Demand for Jury Trial against Defendant, THE WESTURN SLOPE, INC. d/b/a SERVPRO OF MONTROSE TELLURIDE ("SERVPRO") (referred to hereinafter as "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to seek redress for Defendant's violations of the FLSA against this Plaintiff during the course of his employment.

## PARTIES

2. During times material hereto, Plaintiff, KYLE WESTON, resided in Montrose, Colorado, was over the age of 18 years, and otherwise *sui juris*.

3. Defendant, SERVEPRO, is a Colorado corporation with its principal place of business in Montrose, Colorado.

4. During all times material hereto, Defendant was vested with the authority to hire, fire, and discipline employees, including Plaintiff. Furthermore, during all times material hereto, Defendant determined, approved, and administered the payroll practices including the issuance of Plaintiff's payment. Accordingly, Defendant Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

5. During all times pertinent hereto, Plaintiff was dependent upon Defendant for his employment, as Defendant supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work for its benefit and in furtherance of its business objectives.

## JURISDICTION AND VENUE

6. A substantial amount of the acts and omissions giving rise to this dispute took place within Montrose, Colorado, within the jurisdiction of this Honorable Court.

7. Jurisdiction is proper within the District of Colorado pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is proper within the District of Colorado pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)(2)*.

## GENERAL ALLEGATIONS

9. Defendant is a franchisee of ServPro Industries and provides residential and commercial restoration services.

10. Defendant owns and operates the Montrose/Telluride ServPro franchise at 1815 Launa Drive, Montrose, Colorado 81401.

11. During all material times hereto, Defendant employed Plaintiff as a non-exempt, hourly laborer/employee.

12. During times material hereto, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of Defendant; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

13. In 2019, Plaintiff began working for Defendant in a laborer position as an hourly, non-exempt employee. As of the filing of this Complaint, Plaintiff is still employed by Defendant.

14. During all times pertinent to his employment, Plaintiff has been economically dependent upon Defendant and has been subject to the control of Defendant during all pertinent time periods of his employment.

15. During Plaintiff's employment period, he has worked in excess of forty (40) hours per week in one or more workweeks.[1]

16. During Plaintiff's employment period, Defendant has paid him at various hourly rates, with his most recent hourly rate being $13.50 per hour.

17. Defendant failed to compensate Plaintiff at or above the applicable federal overtime wage in one (1) or more workweeks when Plaintiff worked more than forty (40) hours within the previous three (3) years.

18. During all times material hereto, Defendant failed to properly maintain accurate time and/or payroll records for Plaintiff.

---

[1] The full extent of damages incurred by Plaintiff will be determined through discovery, but at a minimum, the paystubs currently available to Plaintiff demonstrate that he worked in excess of forty (40) hours in the following pay periods: 09/01/2019 – 09/143/2019, 10/27/2019 – 11/09/2019, 01/05/2020 – 01/18/2020, 01/19/2020 – 02/01/2020, and 02/16/2020 – 02/29/2020.

19. The wage violations committed by Defendant are willful and/or intentional, as Defendant knew of the overtime wage requirements of the FLSA and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

20. Defendant failed to properly maintain records of hours actually worked by Plaintiffs and other similarly situated employees.

21. Defendant assigned Plaintiff with duties and responsibilities and appointed supervisors to oversee the work performed by Plaintiff.  Defendant is therefore on notice of the hours worked by Plaintiff at various worksites in the State of Colorado.

22. As a result of the intentional and willful conduct alleged herein, Plaintiff has been required to retain the undersigned law firm and are therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims under the FLSA.

## **FLSA COVERAGE**

23. During all times material hereto, Defendant was covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all time periods in which Plaintiff was employed.  More specifically, during all times material hereto, Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

24. During his employment with Defendant, Plaintiff and other employees similarly situated regularly handled goods and/or materials on a constant and/or continuous basis that moved through interstate commerce, including, but not limited to the following: wrenches, tools, inspection kits,

hammers, nails, shovels, screws, drills, portable control adapters, tarps, harnesses, ladders, and company vehicles, etc.

25. Defendant regularly employed two (2) or more employees for the relevant time period, and these employees regularly handled the same or similar goods and materials to those goods and materials handled by Plaintiff, thus making Defendant an enterprise covered by the FLSA.

26. Upon information and belief, Defendant grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and on information and belief, is expected to gross in excess of $500,000.00 in 2021.

27. During his employment period, Plaintiff has been regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and are therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently used interstate highways in furtherance of his work objectives, which constitute an instrumentality of interstate commerce.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Unlawful Lunch Deductions)**

28. Plaintiff re-alleges and re-avers Paragraphs 1 through 27 as though set forth fully herein.

29. Plaintiff alleges this action pursuant to the FLSA, *29 U.S.C. § 216(b).*

30. In one or more workweeks of his employment, Plaintiff was required to work throughout his workdays without a lunch break.

31. Plaintiff's supervisors regularly witnessed Plaintiff performing work without a lunch break.

32. Because Plaintiff continued to work throughout these purported breaks, the total amount of work performed by Plaintiff in these workweeks exceeded 40 hours.

33. Notwithstanding that Plaintiff continued to work through these lunch breaks, Defendant automatically deducted at least 30 minutes every day regardless of whether Plaintiff actually took a break.

34. Defendant's automatic lunch deduction resulted in overtime violations in one or more workweeks because Plaintiff actually worked in excess of 40 hours per week without being paid the applicable overtime wages.

35. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

36. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages, plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, KYLE WESTON, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, THE WESTURN SLOPE, INC. d/b/a SERVPRO OF MONTROSE TELLURIDE: (a) unpaid overtime wages to be paid by Defendant; (b) liquidated damages as provided by the FLSA to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, KYLE WESTON, hereby demand a trial by jury on all appropriate claims.

**Dated this 25th day of January 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
Illinois Bar No. 6328923
*jordan@jordanrichardspllc.com*
*melissa@jordanricharsdspllc.com*
*jake@jordanrichardspllc.com*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 25th day of January 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
Illinois Bar No. 6328923

## **SERVICE LIST:**