**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**CASE NO: 1:21-cv-221-STV**

KYLE WESTON,

    Plaintiff(s),

    v.

THE WESTURN SLOPE, INC. d/b/a
SERVPRO OF MONTROSE TELLURIDE,

    Defendant.

_____/

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**
**PURSUANT TO RULE 41(a)(1)(A)(ii)**

Plaintiff, KYLE WESTON (hereinafter "Plaintiff") and Defendant, THE WESTURN SLOPE, INC. d/b/a SERVPRO OF MONTROSE TELLURIDE ("Defendant") (Plaintiff and Defendant are hereinafter referred to as "the Parties") by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), hereby file this Stipulation of Dismissal with Prejudice, and state as follows:

1. Plaintiff filed a one-count Complaint against Defendant alleging overtime wage violations under Fair Labor Standards Act ("FLSA"). *D.E. 1*.

2. The Parties have fully settled this matter.

3. Plaintiff's FLSA wage claim was not compromised and shall be paid in full.

4. Plaintiff will receive 100% of his alleged unpaid overtime wages plus an equal sum of liquidated damages. In addition, Defendant will pay Plaintiff's attorney fees and costs, which were negotiated separately and without regard to the amounts owed to Plaintiff. Thus, the settlement represents an uncompromised FLSA wage claim.

5.      Judicial approval of an *uncompromised* FLSA wage claim is not required because the "FLSA only contemplates reviewing settlement agreements that result in the 'compromise' of an employee's claim." *See, e.g.,* Tran v. New Generation Fusion Rest. Grp., LLC, No. 6:14-cv-572-Orl-PGB-DAB (M.D. Fla. Mar. 12, 2015) (Byron, J.) (D.E. 46); *see, also,* Bonetti v. Embarq Mgmt., Co., 715 F.Supp.2d 1226 at n. 6 (M.D. Fla. 2009) ("[i]f the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement."); Ruiz v. Act Fast Delivery of Colorado, Inc., et. al. Case No. 1:14-cv-870-MSK-NYW (D. Colo. Jan. 9, 2017) (Krieger, C.J.) (Holding that judicial approval is not required in FLSA case because "in modern jurisdiction, only a narrow range of settlements require court approval"); Su v. Electronic Arts, Inc., 2006 WL 4792780 at *2 (M.D. Fla. 2006) ("[w]here the employer offers the plaintiff full compensation on his FLSA claim no compromise is involved and judicial approval is not required."); Feagans v. Americana Jax Investments, Inc., 2008 WL 782488 at *1 (M.D. Fla. 2008).

6.      Accordingly, the Parties hereby stipulate to the dismissal of this action with prejudice and request that the Court vacate all pending deadlines and Court appearances.

**Dated this 4th day of March 2021.**

Respectfully Submitted,

| | |
|---|---|
| **KARP NEU HANLON, P.C.** | **JORDAN RICHARDS, PLLC** |
| *Counsel for Defendant* | *Counsel for Plaintiff* |
| 201 14th Street, Suite 200 | 805 E. Broward Blvd. Suite 301 |
| Glenwood Springs, Colorado 81601 | Fort Lauderdale, Florida 33301 |
| Tel: (970) 945-2261 | Tel: (954) 871-0050 |
| | |
| By: /s/ SHOSHANA ROSENTHAL, ESQ. | By: /s/ JORDAN RICHARDS, ESQ. |
| **SHOSHANA ROSENTHAL, ESQUIRE** | **JORDAN RICHARDS, ESQUIRE** |
| Reg. No. 48856 | Florida Bar No. 108372 |
| sr@mountainlawfirm.com | Jordan@jordanrichardspllc.com |
| | Melissa@jordanrichardspllc.com |
| | Jake@jordanrichardspllc.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was served by means of the Court's electronic filing system on March 4, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**SHOSHANA ROSENTHAL, ESQUIRE**
Reg. No. 48856
KARP NEU HANLON, P.C.
201 14th Street, Suite 200
Glenwood Springs, Colorado 81601
Tel: (970) 945-2261
sr@mountainlawfirm.com
*Counsel for Defendant*

3